May it please the Court, good morning, Kimberly Hare from the District of Arizona. The United States in this matter is asking that this Court remand this case to the District Court Judge so that he can apply the correct approach in determining whether or not attempted sexual abuse of a minor is a crime involving violence under Arizona statute in 1989 when the defendant was convicted of that crime. This District Court Judge looked at the facts underlying the defendant's prior conviction in determining that it was not, in fact, a crime involving violence. So your position basically is that he did not follow the Williams v. Taylor categorical analysis? Yes, and in fact I think that we have to look at state law and not federal law on whether or not he applies the categorical approach. But under Arizona law in State v. Hudson, I believe the Supreme Court of Arizona found that a categorical or I believe the appellee referred to it as an elemental approach should be utilized in making that determination. And I think that that's clear, that that's the approach the Court should have used and did not use. So the theory that he came up with of essentially looking at how the whatever county it was, the superior court judge sentenced this guy and sort of concluding, well obviously with a probationary sentence or a short county jail term, I forget what it was, this must have been essentially a misdemeanor felony I guess would be the way to describe it, is not countenanced by the Supreme Court or any of our cases, is it? No, I do not believe it is, and I think that that was air for him to use that approach. He also looked at the pre-sentence report and the facts that were reported in that and relied on those as well, and I don't think that any of that was appropriate. And we would ask that it be sent back so that he could use a categorical approach in looking at it. What about the problem, let's assume for the moment that it is a crime of violence. Then we have this tricky question of what civil rights under Arizona law did he lose and what was restored to him, and it seems pretty clear to me based on the statutory amendment in what was it, 1994 in Arizona, that he had never lost in 1991 the right to possess firearms and therefore when his probationary sentence was complete, whatever was restored to him said nothing about firearms one way or the other. I agree that when his rights were restored, the rights under Arizona Revised Statute 13904 were restored when he completed his probation. Those were the rights, the right to vote, the right to hold public office, the right to serve as a juror. However, he also had another civil right that was suspended because if this court or the district court held that attempted sexual abuse of a minor was a crime involving violence, then under Arizona statutes in 1989, 133101, his right to possess a firearm would also be suspended. Which provision are you looking at now, counsel? I'm looking at Arizona Revised Statute 1331016B. Okay, 6B. 13-31016B. Okay, but that has two provisions in it. That says that a prohibited possessor, so it's only a definition. So a prohibited possessor is one who has been convicted with or without misstate of a felony. Now, we could stop there except that there's an and in there. And whose civil right to possess or carry a gun or firearm has not been restored. He had no need to have it restored. It was never taken away. He doesn't satisfy the second condition. Your Honor, it's the United States position that he was a prohibited possessor by being convicted of a crime involving violence. Okay. I'm still struggling to see that. I'm with you on 6B. But a prohibited possessor is one who has been convicted with or without the state of a felony. Correct. That would be Mr. Simpson. Yes. Okay. And whose civil right to possess or carry a gun or firearm has not been restored. That his civil right to possess or carry a firearm never had to be restored because it was never taken away in the first place. It's the United States position that 3101 is what takes away his right to bear a firearm. Well, show me where. This whole thing seems a little circular to me. Well, his civil rights were in order for them to have been restored. So he is a prohibited possessor if he has been convicted of a crime involving violence. Under Arizona law, if they were going to charge him with being a prohibited possessor, then that civil right had not been restored. But it's the United States position that in order to restore that, he would have had to apply to the court, and he didn't. Can I ask a question that I think may help? I hope it will. As I understand your argument, you're now directing us to this 3101B-6 and saying that that has been on the book since at least 1989. And, therefore, depending on how the crime is categorized, if it is, in fact, a crime involving violence, then on the date that he was convicted, he actually did lose the right to possess firearms. Is that? That is exactly what the United States is saying. And, otherwise, there would be no prohibited possessor in Arizona because 13-904 did not suspend the right to bear firearms. So why would there be a need for 3101? That's why the United States believes that 3101 does further suspend the civil rights based on a conviction for a felony involving violence. I have to say I shared the same confusion that may have been plaguing Judge Bybee. That was not clear to me from your briefing. This is the section the United States is relying on to say that his right to bear on, his right to possess a firearm. So you're saying, then, that 3101-6B is the provision that suspends his right to carry a gun or a firearm? That's correct. And if you look at Arizona Revised Statute 13-912, that's the part that talks about restoring the rights to a defendant after he completes a term of probation, and it specifically excludes restoring his right to possess weapons as defined in 13-3101. Okay. But how do you square that with 13-912-A? This also was in effect in 1989. Is that correct? Yes. Okay. So any person who has not previously been convicted shall be automatically restored civil rights that were lost or suspended if the person has completed a term of probation and pays any fine or restitution. Correct. So why doesn't this cancel out the second part of 6B in 3101? Because Section B says this section does not apply to 3101. Okay. This section does not apply. Okay. This section does not apply to a person's right to possess weapons as defined in 3101 unless the person applies to a court. Pursuant to the procedures of 906. So you're saying then that B then accepts from A the right to possess weapons. Yes. Okay. All right. I understand your argument. May I ask another question? Yes. This was an attempted sexual abuse. Correct. Why is that a crime of violence? Well, this was attempted sexual abuse of a minor, and that takes us to what I would like to address, the State v. Bible case, which opposing counsel ---- The crime can be completed without the victim's knowledge, correct? Yes, that's correct. So why is it violent? Because I believe that under Arizona law, it's not clear, it hasn't been defined, this particular statute, I was unable to find any Arizona authority on whether or not it would be defined as a crime of violence. But looking at the context of the statute, particularly that it was deemed a dangerous crime against children, that it is a sexual abuse crime involving minors, and other jurisdictions which would be persuasive authority have found that those crimes are inherently violent by nature because they involve a minor child. Crime may be inherently violent by nature if it is completed. But this man could have done an act in preparation of sexual abuse of a minor, of which the minor was totally unconscious and never came close to the minor. That is a crime of violence? It's the United States position that, yes, that the minor doesn't ---- It's the United States position. Now, do you have a case telling me? No, Your Honor, I don't. Not under Arizona law. I do not have a case. Shouldn't we look to Arizona law to determine whether it's a crime of violence? We should look to Arizona law. However, what the United States is saying is that there is not a case that says either way about attempted sexual abuse of a minor. The Bible case only refers to aggravated sexual assault and is dealing with adults. Clearly, cases in all ---- courts in all jurisdictions have said that sexual abuse of a minor is different from that of an adult. Secondly, in the McKinney case, the court, the Arizona Supreme Court, specifically withheld saying that this particular statute was not a crime involving violence, and I think that's indicative of how they would find in this case. So that's why you want us to remand it to the district court in order to make that determination? That's correct. Counsel, I have one more question. I'm still a little puzzled over the statute. The government's argument is that 3101.6b is the provision which itself suspends the right to possess a gun or a firearm in Arizona. That seems inconsistent with the changes that were made in 904. That would seem that your argument makes perfect sense today in light of the 1994 amendments, which have added the right to possess a gun or firearm to the list of civil rights that are suspended when one is convicted of a felony. But it would seem inconsistent prior to 1994 because the civil right to possess a gun or firearm is not suspended. I would respectfully disagree in that in 3101, part of the changes that were made in 94 were to make it a violation to possess a firearm for all felonies in Arizona. And I think they were clearing up that prior to that, 3101 only addressed it for crimes of violence or crimes involving a dangerous weapon. Okay. And the reference to crime of violence is where? In 3101.6b, it reads who has been convicted within or without the state of a felony involving violence or possession and use of a deadly or dangerous weapon. And the applicable provision that we are relying on is a felony involving violence. Okay. Thank you. Thank you. Good morning. May it please the Court. Tom Phelan for Mr. Simpson. The United States concession that the nature of the law with respect to attempted sexual assault being unsettled disposes of the case. Well, that's not what I heard. What I heard was because the district court decided this on an impermissible ground, which was failing to follow the Williams v. Taylor analysis, we should remand it to the district court for the correct analytical framework, which is to determine whether it does involve a crime of violence. Your Honor, my ---- Maybe you heard something I didn't. Yes, I think I did. The Taylor case is distinguishable from what is operative here. The law requires that the district court judge look to Arizona law and what Arizona law required with respect to an analysis of a crime's inherent violent nature. Taylor imposes a federal categorical approach on all courts. The law governing this case turns that on its head and says look to the state. When the United States then says it was unclear in Arizona whether the factual approach or the categorical approach applied, then clearly Judge McNamee committed no error by looking at the facts. The best that the United States can muster in this case is that the law governing the 13703F2 capital aggravating factor provides guidance to determine what Arizona might think about attempted sexual assault. That concession itself amplifies the fact that Arizona had not concluded one method or another about how to determine the violent nature of a felony. Going down the factual analysis road, the United States ---- Don't we need to know, which I think is where Judge Baya was going with his questions, as to whether the statute could be applicable to a situation where the Arizona courts would say this does not involve violence? For example, the minor is unconscious and isn't even aware of the attempt? Yes. I tried the McKinney case in 1992, and I raised the issue that found fruition in the decision on appeal that the United States cites here. In that case, I argued that a second-degree murder conviction could not be used against my client as a crime of violence. The trial court acted with great disbelief that I would even assert such a claim, but I was vindicated on appeal. Justice Feldman, in writing in McKinney, talked about how a whole host of crimes that intuitively feel violent to us when we hear about them, under the Arizona Supreme Court's Eighth Amendment narrowing duty can be found to be nonviolent. There are a list of crimes, starting with second-degree murder, burglary, armed robbery, aggravated assault, sexual assault, all of which can, under the circumstances of the case, be found to be nonviolent. And, in fact, in Bible, which I cite in my brief, the Arizona Supreme Court explicitly held that because of the nature of the statute and based upon an analytical approach of the elements required to prove it, sexual assault is not a crime of violence for purposes of 13703F2. Ifso facto, a lesser-included offense for which Mr. Simpson stands convicted has to be a crime that by its nature is not violent. But it's a – it's a – it's an analytical stretch because we are taking jurisprudence from the capital arena and grafting it onto a conviction in a noncapital case. But even if we – if that's the best that the United States can do – Let's get away from murder and capital cases. Okay. The man pleaded guilty to attempted sexual abuse of a minor. Yes, sir. As long as the categorical approach allows conviction to be – to – for that crime to be found without any violence at all. Yes, sir. Then under the categorical approach of Taylor. Yes, sir. It's not a crime of violence. Absolutely correct. And that's precisely what the Arizona Supreme Court has said with respect to sexual assault crimes. They said, looking at the Arizona statute, we can see that it is possible under BCD – for a defendant to commit this crime without the use of violence. And it suggested one can drug one's victim, the victim may be deceived, or the victim may be unconscious. And based on that, the Arizona Supreme Court in Bible held that under the categorical or elemental approach, as we call it in Arizona state law, it is not a crime of violence. But my argument was this. If the United States at the motion to dismiss concedes that it is unclear whether Arizona uses a categorical or fact-based approach, and if the statute requires Does it matter whether Arizona uses a categorical approach? Yes, it does. Or should we be looking at the Arizona statute under the Taylor categorical approach and determining ourselves whether the crime to which he pleaded guilty can be committed without the element of violence? If I may look at my brief. Sorry. I have a footnote where I try to parse that out. My view is that the district court is required to look at Arizona – it's footnote two. The district court is required to look at the state jurisprudence wherein the conviction lies. If, for instance, Arizona chooses to adopt a fact-based approach to determining whether a crime is violent or not, then the district court is compelled to follow Arizona state jurisprudence.  And I'm going to quote from my footnote here. This is dictated by 18 U.S.C. 922 G1 and 921 A20, which says in my footnote two, what constitutes a conviction of such crime shall be determined in accordance with the law of the jurisdiction. Assuming for the sake of argument that Arizona does use a categorical approach, the judge's ruling was correct. Assuming for the moment that Arizona uses a fact-based approach, the United States doesn't dispute that on the facts of this case it was nonviolent. Either way, the ruling was correct. And the government concedes that it is unclear which road Arizona goes down. So this is one of those rare moments where I, as a defense lawyer, find myself in an inescapably victorious position. I simply cannot see how the judge's ruling can be found anything. It was compelled under either method of analysis, it seems to me. Do you have any further questions? Thank you very much. Any rebuttal, Ms. Kerr? I do just want to clarify. I do not believe the United States has ever conceded that it's unclear whether or not Arizona would require a categorical approach or an approach that allows the trier fact to look at the underlying facts. Does it make any difference? Isn't what counsel said correct? Whether you use the categorical approach or whether you use a modified categorical approach, in this case, violence in attempted sexual abuse of a minor is not an unnecessary finding, not a necessary element. I disagree that it has to be spelled out in the statute. I believe that the courts have said that it is inherently involves or necessitates violence when you're dealing with a minor. The attempted sexual abuse of a minor is not a lesser included offense of the crime in State v. Bible. It is different because 13-1404 involves a minor. And courts have held in the past, even when they apply a categorical approach, that when you involve a minor, it inherently involves violence. Thank you. Very well. We'll see if we can puzzle it through. The case just argued is submitted. Thank you, counsel. The arguments were very helpful. And we'll do the best we can with it. The last case on the calendar is 17-17.
judges: Tallman, Bybee, Bea